# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER STOSS | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-1635 |
| v. | (JUDGE CAPUTO) |
| A&S COLLECTION ASSOCIATES, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Heather Stoss's Motion to Compel. (Doc.10). Plaintiff moves to have the Court compel the Defendant to attend a deposition and to pay the Plaintiff's attorney's fees incurred as a result of Defendant's failure to attend the previously scheduled deposition. Plaintiff's Motion will be granted.

Federal Rule of Civil Procedure 69(a)(2) discusses the discovery procedures available to a party in executing a judgment. It states: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). If a party's discovery efforts are stymied, under the Federal Rules of Civil Procedure a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. Fed. R. Civ. P. 37(d) provides that a court may order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(a)(I). These sanctions can include ordering the party failing to act to pay the other party's reasonable expenses, including attorney's fees caused by the failure. Fed. R. Civ. P. 37(d)(3). Correspondingly, under the

Pennsylvania Rules of Civil Procedure, when a party, in a deposition notice, names as the deponent a public or private corporation, the "organization so named shall serve a *designation* of one or more officers, directors . . . or other persons who consent to testify on its behalf . . .." Pa. R. Civ. P. 4007.1(e). Pa. R. Civ. P. 4019 also allows the court to enter an order imposing sanctions for contempt for among other things, a corporation or other entity's failure to make a designation, as well as a party's failure to appear at a deposition.

Here, Plaintiff claims that she sent Defendant a post-judgment deposition notice on August 31, 2010 for a deposition scheduled September 22, 2010. Defendant failed to designate anyone to attend the deposition, and also failed to attend the deposition. In consequence, the Court will order the Defendant to designate an individual to attend the deposition and for that individual to so attend once Defendant is notified of the time and location of the rescheduled deposition. Defendant will also be ordered to pay the Plaintiff's reasonable expenses, including attorney's fees generated by the failure of Defendant to appear at the originally scheduled deposition, after Plaintiff submits evidence to the Court supporting the fees and expenses claimed.

**NOW**, this ___22nd___ day of February, 2011, **IT IS HEREBY ORDERED THAT** Defendant is to make a designation and attend Plaintiff's post-judgment deposition when it has been rescheduled.

**IT IS FURTHER ORDERED THAT** Plaintiff will submit evidence supporting reasonable attorney's fees and expenses she incurred as a result of Defendant's failure to attend the originally scheduled deposition. After this evidence is reviewed by the

2

Court and found satisfactory, Defendant will be ordered to pay Plaintiff's reasonable expenses.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge